IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02234-GPG

JOHN R. STASZAK,

      Applicant,

v.

RANDY LIND, Warden, CTCF, and
CYNTHIA H. COFFMAN, The Attorney General of the State of [Colorado],

      Respondents.

_____

ORDER OF DISMISSAL
_____

      Applicant, John R. Staszak, is a prisoner in the custody of the Colorado

Department of Corrections (CDOC) at the Colorado Territorial Correctional Facility in

Canon City, Colorado.   He has filed an Application for a Writ of Habeas Corpus Pursuant

to 28 U.S.C. § 2254 (ECF No. 1).   Mr. Staszak challenges the validity of his convictions

and sentences imposed in the District Court of Fremont County, Colorado.   He has paid

the $5.00 filing fee.

      On December 23, 2015, Magistrate Judge Gordon P. Gallagher directed

Respondents to file a pre-answer response addressing the affirmative defenses of

timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28

U.S.C. § 2254(b)(1)(A), if Respondents intended to raise one or both of those defenses.

Respondents filed a Pre-Answer Response (ECF No. 14) on January 12, 2016.   (ECF

No. 14).   Applicant filed his Reply (ECF No. 15) on January 25, 2016.

The Court must construe Mr. Staszak's filings liberally because he is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the reasons stated below, the § 2254 Application will be dismissed.

## I.  Background and State Court Proceedings

In August 2007, Applicant pleaded guilty to two counts of sexual exploitation of a child, and was sentenced to 10 years of probation.   (ECF No. 14-1 at 14).   In May 2010, the state district court revoked probation after a hearing and sentenced Applicant to 12 years in prison for each count, to run concurrently.   (*Id.* at 10; No. 14-4 at 1).   Applicant did not file a direct appeal.

On January 16, 2014, Applicant filed a motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35, which was denied summarily by the state district court on March 17, 2014.   (ECF No. 14-1 at 9).   The Colorado Court of Appeals affirmed in *People v. Staszak*, No. 14CA0591 (Colo. App. March 19, 2015).   (ECF No. 14-4).   Applicant's petition for certiorari review was denied by the Colorado Supreme Court on August 24, 2015.   (ECF No. 14-2).

Applicant filed his § 2254 Application in this Court on October 8, 2015 asserting three claims for relief: (1) he was denied the effective assistance of counsel when court-appointed counsel allowed him to be sentenced outside the presumptive range prescribed by Colorado statutes, based on case law from another state; (2) Applicant's sentences outside the statutorily-prescribed presumptive range are illegal under Colorado law and violate the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and,

2

(3) the sentencing court abused its discretion in sentencing him outside the statutory presumptive range, based, in part, on his prior misdemeanor conviction, in violation of *Apprendi* and *Blakely v. Washington*, 542 U.S. 296 (2004).   (*See* ECF No. 1 at 5-16).

Respondents argue in the Pre-Answer Response that the Application should be denied because: some of Mr. Staszak's allegations raise issues of state law that are not cognizable on federal habeas review; the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d); and, in the alternative, the federal claims are procedurally defaulted.   (ECF No. 14 at 4-6, 12-14).

## II.   Issues of State Law

Federal habeas review is limited to claims that a state prisoner's custody violates the United States Constitution or other federal law.   28 U.S.C. § 2254(a).   The statute does not provide a remedy for errors of state law.   *See Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011) (per curiam); *see also Estelle v. Mcguire*, 502 U.S. 62, 67 (1991) (habeas corpus does not lie to correct errors of state law).   Accordingly, Applicant's allegations that the state district court abused its discretion and violated or misapplied Colorado sentencing statutes are not cognizable in this § 2254 proceeding.

## III.   AEDPA Time Bar

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of–

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.   An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000).   The requirements include:

(1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state

4

court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

Mr. Staszak was sentenced on May 26, 2010.   (ECF No. 14-1 at 10).   Because he did not file a direct appeal, his conviction became final on July 12, 2010, when the time for filing a direct with the Colorado Court of Appeals expired.   *See* Colo. App. R. 4(b)(1) (2010) (allowing 45 days to file a direct appeal). *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 646 (2012) (holding "that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires").   The AEDPA time clock commenced on that date.   *See Holland v. Florida*, 560 U.S. 631, 635 (2010) ("On October 1, 2001, this Court denied Holland's petition for certiorari … [a]nd on that date – the date that our denial of the petition ended further direct review of Holland's conviction – the 1-year AEDPA limitations clock began to run," citing § 2244(d)(1)(A)).

Mr. Staszak did not file a post-conviction motion in the state court until January 16, 2014, approximately two and a half years after the one-year period expired in July 2011. State post-conviction motions filed after the passage of the one-year period are not relevant to the timeliness of the federal application.   *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2004) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (same).   Accordingly, the Court finds that the § 2254 Application is time-barred unless equitable tolling applies.

## IV.  Equitable Tolling

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson,* 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).   Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period.   *See Holland v. Florida*, ____ U.S. ____, 130 S.Ct. 2549, 2562 (2010); *Gibson*, 232 F.3d at 808.   Simple excusable neglect is not sufficient to support equitable tolling.   *Gibson*, 232 F.3d at 808.   Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently.   *Miller*, 141 F.3d at 978.   The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978)).   Mr. Staszak bears the burden of demonstrating that equitable tolling is appropriate in this action.   *See id.*

Mr. Staszak argues in his Reply brief that the Application is timely because there is no state law limitation period on filing a motion to correct an illegal sentence under Colo. Crim. P. Rule 35(a).   (ECF No. 15 at 4-5).   This contention lacks merit because Applicant's § 2254 application is subject to the federal limitation period set forth in the AEDPA, not state law.

Mr. Staszak further suggests that this Court should address the merits of his claims because the state district court refused to appoint counsel to represent him in the state

post-conviction proceeding.   However, this contention ignores the issue of why Applicant

waited so long to file his state post-conviction motion in the first place.   (*Id.* at 6).

Applicant does not state any facts from which this Court could conclude that

equitable tolling of the one-year period is warranted.   Further, Mr. Staszak does not

allege facts to demonstrate that he is actually innocent of the crimes or that he actively

pursued his judicial remedies but filed a defective pleading within the statutory period.

Consequently, the Court finds that the § 2254 Application is time-barred.

The Court need not reach Respondents' alternative argument that Mr. Staszak's

claims are procedurally defaulted.

## IV.   Orders

For the reasons discussed above, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C.

§ 2254 (ECF No. 1), filed by Applicant, John R. Staszak, on October 8, 2015, is DENIED.

The alleged violations of state law are DISMISSED WITHOUT PREJUDICE as not

cognizable under 28 U.S.C. § 2254(a).   The federal claims are DISMISSED WITH

PREJUDICE as time-barred under 28 U.S.C. § 2244(d).   It is

FURTHER ORDERED that no certificate of appealability will issue because jurists

of reason would not debate the correctness of the procedural ruling and Mr. Staszak has

not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied

for the purpose of appeal.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that

any appeal from this order would not be taken in good faith.   *See Coppedge v. United*

*States*, 369 U.S. 438 (1962).   If Mr. Staszak files a notice of appeal he must also pay the

full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United

States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R.

App. P. 24.

DATED February 9, 2016, at Denver, Colorado.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court